IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK M FERRARI, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 22-CV-00217-SPM |
| **TODD LINK, et al.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are multiple Motions to Dismiss by Defendants. (Docs. 65, 70, 72, 101). For the reasons set forth below, the Motions to Dismiss are **GRANTED**.

### FACTUAL & PROCEDURAL BACKGROUND

On February 4, 2022, Plaintiffs Patrick and Barbara Ferrari filed their first Complaint (Doc. 2) against Defendants Todd Link, James Bowden, Robert Jackstadt, Village of Glen Carbon, and the Madison County State's Attorney's Office wherein Plaintiffs alleged civil rights violations. Plaintiffs' claims seem to arise from a letter dated June 4, 2019, wherein Plaintiff Patrick Ferrari was barred from entering the Village of Glen Carbon Hall without a police officer on standby because he had caused multiple disruptions at the Village Hall, and Plaintiffs subsequent encounters with Defendants. The Court dismissed the Complaint (Doc. 2) for failure to state a claim on February 9, 2022. (Doc. 7). On March 11, 2022, Plaintiffs filed an Amended Complaint (Doc. 8) wherein Plaintiffs once again claimed civil rights violations and

named the same Defendants. On April 14, 2022, Plaintiffs filed an "Addition" which was meant to supplement the March 11 Complaint. (Doc. 10). The Court once against dismissed the Plaintiffs' Complaint, this time for attempting to piecemeal a complaint. (Doc. 13). Plaintiffs once again attempted to remedy the errors in their complaints and on June 30, 2022, they filed a Second Amended Complaint (Doc. 14). On October 20, 2022, Plaintiffs filed a Motion to Amend Complaint (Doc. 44) which the Court granted on November 14, 2022 (Doc. 52). Plaintiffs filed yet another Amended Complaint on November 30, 2022 (Doc. 53). This Complaint brought 25 counts against Village of Glen Carbon, Todd Link, Wayne White, Glen Carbon Police Department, Jamie Bowden, James Schrempf, Robert Jackstadt, Philip Alfeld, Tom Haine, Dillon Borri, Madison County State's Attorney's Department, John Larkin, Paul Sarhage, and Madison County Sheriff's Department. (*Id.*). The Complaint once again attempted to allege violation of Plaintiffs' civil rights. (*Id.*). Subsequently, Defendants filed the various Motions to Dismiss now pending before this Court (Docs. 65, 70, 72, 101). Additionally, Motions to Join the Motions to Dismiss were filed (Docs. 77, 80) and granted (Docs. 78, 81). On March 2, 2023, Plaintiffs filed a Response in Opposition (Doc. 93) to three of the four Motions to Dismiss (Docs. 65, 70, 72). Plaintiffs did not file a response to the Motion to Dismiss by Philip Alfeld (Doc. 101). On March 15, 2023, a Reply (Doc. 99) to Plaintiffs' Response in Opposition (Doc. 93) was filed by Madison County State's Attorney's Office, Dillon Borri, and Tom Haine. All Defendants have now filed a motion to dismiss or joined a motion to dismiss.

## APPLICABLE LAW

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

"'In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering' whether Rule 8's requirements are satisfied." *Standard v. Nygren*, 658 F.3d 792,797 (7th Cir. 2011). Both Rule 8 and Rule 10's "primary purpose . . . is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Id*. When a complaint lacks organization and coherence to the point it is confusing to determine what facts constitute the alleged wrongful conduct, the issue becomes notice, and dismissal is appropriate. *Id* at 798.

In this case, Plaintiffs have been given multiple opportunities to amend their complaints to meet the requirements and give Defendants proper notice of the claims against each of them. However, Plaintiffs latest Complaint (Doc. 53) still fails to state, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. The Plaintiffs' use of general "defendants" and "plaintiffs" throughout the Complaint make it nearly impossible to discern which claims they intend to bring against which defendant. Further, the use of these general terms comingles the claims that each Plaintiff is attempting to allege and make it difficult to determine which facts pertain to Plaintiff Patrick Ferrari and which facts pertain to Plaintiff Barbara Ferrari. Additionally, the Complaint is replete with conclusory statements regarding the alleged violations intermixed with what the Court believes to be the facts the Plaintiffs were attempting to allege, making the complaint not only

unorganized but utterly confusing. The Court is not obliged to comb a complaint in an attempt to piece together a coherent claim and will not do so here. *See Standard*, 658 F.3d at 798.

Assuming arguendo that Plaintiffs' Complaint passed muster, a complaint "can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint." *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053-54 (7th Cir. 2019). In *Lee*, defendants attacked both procedural and substantive deficiencies in the complaint while plaintiffs, in their response, failed to grapple with the case law but rather only emphasized the importance of the claim in lay terms. *See Id.* at 1054.

In this case, Plaintiffs have also failed to grapple with the case law cited in the multiple motions to dismiss. The Response in Opposition (Doc. 93) cites only two cases (both of which are non-binding precedent from the Second Circuit) and as to the Rule 12(b)(6) standard only states that "[e]ach section in the Amended Complaint clearly spells out in detail and states a claim upon which relief can be granted." (Doc. 93, p. 5). The Response in Opposition neither made an attempt to discuss the elements of each claim nor did it argue how the Complaint properly alleged the elements. While Plaintiffs are correct that the Court must "construe the complaint in the light most favorable to the Plaintiff, accepting the complaint's allegations as true," the Court "will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Where a party, such as here, fails to provide

adequate legal argument regarding a motion to dismiss, the underlying claim is waived. *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005).

## CONCLUSION

For the reasons set forth herein, Defendants' Motions to dismiss (Docs. 65, 70, 72, 101) are **GRANTED**. All other motions are **DENIED** as moot. The Complaint (Doc. 53) is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:  August 4, 2023

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
