IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK M. FERRARI,** | |
| **Plaintiff,** | |
| v. | Case No. 3:22-CV-00217-SPM |
| **TODD LINK, et al.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. 129) filed by Defendants Todd Link, the Village of Glen Carbon, Alex Hawthorne, and Jeffrey Blind. Having been fully informed of the issues presented, this Court **GRANTS** the Defendants' Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant case has a long and convoluted procedural history which the Court will not belabor here. The current case is the result of the consolidation of three other cases stemming from the same factual predicate. *See Ferrari v. Village of Glen Carbon*, No. 22-cv-02303-SPM; *Ferrari v. Madison County Sheriff's Department*, No. 22-cv-02404-SPM; *Ferrari v. Village of Glen Carbon*, No. 22-cv-02918-SPM. The instant case is an action brought by *pro se*[1] Plaintiff Patrick M. Ferrari pursuant to

---

[1] Plaintiff Ferrari was represented by Attorney Peter Maag before Attorney Maag withdrew as counsel because "his inability to reach Plaintiff has made representation 'impracticable and difficult, causing a breakdown of the attorney-client relationship.'" (Doc. 126, p. 1). The Court granted Attorney Maag's motion to withdraw as counsel on January 4, 2024. (*See* Doc. 133). Plaintiff Ferrari was not able to obtain the services of another attorney and continues in this case *pro se*. (*See* Docs. 137, 141).

42 U.S.C. § 1983 alleging that the Village of Glen Carbon, Illinois; Police Chief Todd Link; and Officers Alex Hawthorne and Jeffrey Blind deprived Plaintiff Ferrari of his constitutional right to freedom of speech guaranteed by the First Amendment to the United States Constitution. (*See* Doc. 123). Plaintiff Ferrari alleges that, on or about June 4, 2019, the Village of Glen Carbon "addressed a Notice. . . to Patrick Ferrari that because of alleged 'discourteous' and 'disruptive' behavior, that Patrick Ferrari must have a uniformed police officer present when conducting in person business at the Village of Glen Carbon Hall because clerks have alleged 'fear when dealing with [him].'" (Doc. 123, ¶ 4). Plaintiff Ferrari seeks nominal damages and costs plus attorney's fees and an injunction against the Village of Glen Carbon for enforcing this policy on him. (*See id.*, ¶¶ 12, 13).

The operative Fifth Amended Complaint in this case was filed on September 29, 2023. (*See id.*). The Defendants filed a Motion to Dismiss on January 3, 2024 in which they allege that Plaintiff Ferrari has failed to state a claim entitling him to relief under the First Amendment. (*See* Docs. 129, 130). Plaintiff Ferrari did not respond to the Defendants' Motion to Dismiss, even after the Court extended the response deadlines multiple times, including on February 9, 2024; April 5, 2024 and May 22, 2024. (*See* Docs. 138, 143, 145).

##### APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Indeed, Federal Rule of Civil Procedure 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." "Moreover, '[a] litigant

who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . .'" *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)).

When assessing Ferrari's Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id.* The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. While it is true that a Complaint need only allege sufficient facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 570), as noted above, a plaintiff cannot simply put "a few words on paper . . . that might suggest" something illegal *might* have happened. *Swanson*, 614 F.3d at 403.

The crux of Plaintiff Ferrari's argument is that the Village of Glen Carbon and the named officers of its police department violated his First Amendment-guaranteed

freedom of speech via issuance of the Notice requiring him to have a police escort when conducting business at the Village of Glen Carbon City Hall because of "alleged 'discourteous' and 'disruptive' behavior." (Doc. 123, ¶ 4; *see id.* ¶¶ 4–6 (citing *Cohen v. California*, 403 U.S. 15 (1971))). In their Motion to Dismiss, the Defendants argue that the First Amendment "does not guarantee access to government buildings or property." (Doc. 130, p. 3 (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983)). They argue that individuals "ha[ve] no constitutional right to enter or remain in public buildings." (*Id.*, pp. 3–4 (citing *Hemmati v. United States*, 564 A.2d 739, 740 (D.C. App. 1989); *Royer ex rel. Estate of Royer v. City of Oak Grove*, 374 F.3d 685, 686 (8th Cir. 2004))). Moreover, they cite caselaw stating that "[a] person who is disruptive may be asked to leave a government facility and may be arrested for trespass if he refuses to leave." (*Id.*, p. 4 (quoting *Green v. Nocciero*, 676 F.3d 748, 751 (8th Cir. 2012)).

Additionally, the Defendants argue that "the United States Supreme Court has ruled that individuals have a right to speak free of any government-imposed restrictions on their speech unless the restrictions are reasonable time, place, and manner restrictions; are content-neutral; and are 'narrowly tailored' to serve a significant governmental interest.'" (*Id.* (citing *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293, 295 (1984))). The Defendants argue that "content-based restrictions may be imposed in a traditional public forum where there is 'a clear and present danger that [the speech] will bring about the substantive evils that [government] has a right to prevent' . . . and where the restrictions are narrowly drawn to serve that compelling state interest." (*Id.* (quoting *Schenck v. United States*,

249 U.S. 47, 52, 39 S. Ct. 247 (1919)) (citing *Child Evangelism Fellowship of Md. Inc. v. Montgomery Cnty. Pub. Schs.*, 457 F.3d 376, 381 (4th Cir. 2006))). Because "[t]he Village of Glen Carbon did not tell Plaintiff he was not allowed to speak or in any way restrict his right to engage in free speech either with City employees or at the City Hall," the Defendants therefore argue that Plaintiff Ferrari's First Amendment right to free speech was not violated. (*Id.*, p. 5).

It is clear that the Village of Glen Carbon has not run afoul of the First Amendment. Plaintiff Ferrari was not "banned or prohibited from entering City Hall to conduct business or engage in speech." (*Id.*). "Nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities." *United States v. Krahenbuhl*, 88 F.4th 678, 682 (7th Cir. 2023) (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 800 (1985)). While the Seventh Circuits calls sidewalks "[a] prototypical example" of a public forum, buildings like Department of Veterans Affairs medical clinics are not. *Id.* at 682–83 (citing *United States v. Kokinda*, 497 U.S. 720, 727–28 (1990)). This is because medical clinics are "designed to provide outpatient medical treatment, not a forum to air discontent with veterans' benefits" and thus "do[] not belong in the same category as places that 'time out of mind, have been used for purposes of assembly, communicating thoughts . . . , and discussing public questions.'" *Id.* at 683 (quoting *Perry* at 45).

That being said, regardless of where Glen Carbon City Hall falls on the spectrum, Plaintiff Ferrari has not been banned or excluded from City Hall. He is

merely required to have a police escort when conducting business at City Hall "because clerks have alleged 'fear when dealing with [him]'" (Doc. 123, ¶ 4) and "because his disruptive and discourteous behavior placed the clerks in fear for their safety." (Doc. 130, p. 5). Unlike cases in which speakers are denied access to a government building because of their viewpoint, *see, e.g.*, *DeBoer v. Vill. of Oak Park*, 267 F.3d 558, 568–71 (7th Cir. 2001); *Doe v. Small*, 964 F.2d 611, 617–22 (7th Cir. 1992), the Village of Glen Carbon's requirement that Plaintiff Ferrari have a police escort while inside the building does not run afoul of the First Amendment because it does not limit or ban his speech. Plaintiff Ferrari's attempt to link his behavior to draft protesting as described in *Cohen v. California*, 403 U.S. 15 (1971) does not hold water here; notably, the Supreme Court stated in *Cohen* that "the First and Fourteenth Amendments have never been thought to give absolute protection to every individual to speak whenever or wherever he pleases or to use any form of address in any circumstances that he chooses." *Id.* at 19.

Plaintiff Ferrari has clearly failed to state a claim for which he is entitled to relief. Moreover, because this lawsuit is the culmination of years of separate lawsuits involving the same factual predicate and because the operative complaint is in its *sixth* iteration, it is clear that Plaintiff Ferrari has been granted sufficient leeway to state his claims. Because this Court will not grant him additional leave to modify his pleadings, this suit must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss (Doc. 129) is **GRANTED**. The instant case, along with cases *Ferrari v. Village of Glen Carbon*,

No. 22-cv-02303-SPM; *Ferrari v. Madison County Sheriff's Department*, No. 23-cv-02404-SPM; and *Ferrari v. Village of Glen Carbon*, No. 22-cv-02918-SPM are **DISMISSED with prejudice**. Plaintiff Ferrari is **ORDERED** to file no other cases, claims, or complaints in federal court related to the June 4, 2019 Notice issued to him by the Village of Glen Carbon. The Clerk of Court is **DIRECTED** to close all four cases on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  May 29, 2024**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
