IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK M. FERRARI,** | |
| **Plaintiff,** | |
| v. | Case No. 3:22-CV-00217-SPM |
| **TODD LINK, et al.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court are five Motions for Reconsideration filed between June 14 and June 18, 2024 by *pro se* Plaintiff Patrick Ferrari following the dismissal of his four consolidated cases with prejudice on May 29, 2024. (Docs. 152, 153, 154, 155, 156; *see* Doc. 146). In his filings, Plaintiff Ferrari insists that the Court erred in dismissing the operative Fifth Amended Complaint in this case, that the Court erred in refusing to permit Oral Argument, and that the Court disregarded the "the law" of his case in favor of ruling based on "errors in procedures and filings." (Doc. 152, p. 4). He seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(1). (*See* Docs. 152, 153, 154, 155, 156). Having been fully informed of the issues presented, the Court **DENIES** the Motions for Reconsideration.

First, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584

(7th Cir. 2008)). Rule 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Plaintiff Ferrari argues that the Court's ruling dismissing his case with prejudice (Doc. 146) was a mistake of law in accordance with Rule 60(b)(1). (*See* Doc. 152, p. 2). Regardless of Plaintiff Ferrari's discussion of the facts of his case or his assignment of blame to the Court and to the Defendants, the Court groups his arguments into the following claims: (1) Plaintiff Ferrari's insistence that the Fifth Amended Complaint (Doc. 123) was filed without his consent and was never the operative complaint in this case; (2) Plaintiff Ferrari's objection to the Court's denial of his request for Oral Argument; and (3) Plaintiff Ferrari's objection to removal of these cases and the Court's subsequent consolidation of them. (*See* Doc. 152; *see also* Doc. 140). The Court will not address Plaintiff Ferrari's assessment of the facts of his case, as this case is not at the procedural stage to make such assessments. (*See* Docs. 152, 153, 154, 155, 156).

To address the first issue, the Fifth Amended Complaint was filed on September 29, 2023 (*see* Doc. 123) and the Defendants' Motion to Dismiss was filed on January 3, 2024 (*see* Doc. 129). The Court granted Plaintiff Ferrari multiple extensions of time to respond to this Motion to Dismiss (*see* Docs. 138, 143, 145) including informing Plaintiff Ferrari that he was to respond to the *current* Motion to Dismiss only because "due to the consolidation of cases 22-cv-2403, 22-cv-2304, and

22-cv-2918, all prior motions were terminated for mootness because an amended pleading ordinarily supersedes the prior pleadings."[1] (Doc. 145 (citing *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955))). Plaintiff Ferrari did not seek leave of this Court to amend the Fifth Amended Complaint until after the Court's deadline of May 28, 2024. (*See* Doc. 145). As the Court noted in its Order on Plaintiff Ferrari's Motion for Extension of Time (Doc. 151), "Plaintiff Ferrari has been provided with ample opportunities to amend his pleadings to cure their deficiencies, with the current operative Fifth Amended Complaint (Doc. 123) being the *sixth* such iteration." (Doc. 151, p. 2). All of Plaintiff Ferrari's factual arguments are related to prior complaints filed in the various consolidated cases; recall that Plaintiff Ferrari's Fourth Amended Complaint (Doc. 53) was dismissed on August 4, 2023 for failure to state a claim. (*See* Doc. 108; *see also* Doc. 121). The Fifth Amended Complaint was the "last-ditch effort" to try to save this case after Attorney Peter Maag petitioned the Court to alter judgment. (*See* Docs. 111, 112).

As a note on the breakdown of the attorney-client relationship between Plaintiff Ferrari and Attorneys Thomas and Peter Maag of the Maag Law Firm, the Court notes that an attorney employed at a law firm may reassign a case to another attorney at that firm; there is nothing improper about Attorney Thomas Maag assigning Plaintiff Ferrari's case to his brother, Attorney Peter Maag. While Plaintiff Ferrari claims that the Fifth Amended Complaint was not submitted by the Maag

---

[1] This is not the first time that Plaintiff Ferrari has attempted to relate back to a previous version of a complaint that has since been superseded. (*See* Doc. 42 (quashing service on James Schrempf, who was not a party in the operative Second Amended Complaint)).

Law Firm but rather by a "subcontracted" attorney (Doc. 156, p. 4), this is factually inaccurate. (*See., e.g.*, Doc. 126 (establishing Attorney Peter Maag as an attorney at the Maag Law Firm via his electronic signature)). Additionally, when an attorney calls a client, he or she may not be able to leave a voicemail because of potential confidentiality concerns. Attorney Peter Maag indicated that he attempted to reach Plaintiff Ferrari multiple times (*see* Doc. 126); Plaintiff Ferrari admits that he received these calls but did not answer or return them because they were identified as spam on his phone. (*See* Doc. 135, p. 1). Because of this confusion, the Court provided Plaintiff Ferrari with additional time to attempt to find a new attorney. (*See* Doc. 137). The Court also notes that, while Plaintiff Ferrari insists that "Attorney Thomas Maag was fired by the Plaintiffs for demonstrating incompetence," (Doc. 152, p.10; Doc. 156, p. 4), Plaintiff Ferrari previously stated that the Attorneys Maag "indicated that they want to represent me because I have a solid case, but the issue is that the court has just approved their request to be excused and not represent me, and it would be unusual to immediately request to be our attorneys again." (Doc. 135, p. 2). Such a shift in the narrative on this issue is a microcosm for this case as a whole. Ironically, the only reason Plaintiff Ferrari's case survived the Court's dismissal of his complaint with prejudice on August 4, 2023 (Doc. 108) was because Attorney Peter Maag's filed a motion to alter judgment on September 1, 2023. (*See* Doc. 111). Plaintiff Ferrari neither refutes nor discusses this action.

      Considering all of the above, Plaintiff Ferrari has had sufficient notice of the operative Complaint in this case and cannot argue after the fact that it was not

operative, especially since these arguments were not made until after the Court's modified response deadline had passed. (*See* Doc. 151).

To take up the second issue, "[e]very circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 910 (1990) (Blackmun, J., dissenting) (noting that "[t]he Courts of Appeals consistently have recognized . . . that Rule 56 does not necessarily contemplate an oral hearing")). More specifically, "the circuit courts that have addressed the question of whether an oral hearing is required on motions to dismiss in civil cases have uniformly held that no oral hearing is required by the Due Process Clause." *Greene* at 316 (citing *United States v. One 1974 Porsche 911–S*, 682 F.2d 283, 286 (1st Cir. 1982) ("There is no constitutional right to oral argument on a summary judgment motion."); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391 (6th Cir. 1975) (denial of an oral hearing before granting a motion to dismiss does not violate "fundamental notions of fairness and due process of law"); *Spark v. Catholic Univ.*, 510 F.2d 1277, 1280 (D.C. Cir. 1975) ("[D]ue process does not include the right to oral argument on a motion.*");* *Dredge Corp. v. Penny*, 338 F.2d 456, 464 n.14 (9th Cir. 1964) ("The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved.")); *see Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) ("There is no requirement . . . that a district judge

hold a hearing prior to ruling on a motion to dismiss." (citing *Greene* at 316; *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761 (3d Cir. 1976); *Dayco* at 391)).

As noted above, Plaintiff Ferrari was provided with an opportunity to respond to the Defendants' Motion to Dismiss via briefing and was given multiple extensions of time to do so because of his medical issues and physical infirmities. (*See* Doc. 140; *see also* Docs. 138, 143, 145). Plaintiff Ferrari cannot avoid the Court's requirement for parties to submit a written response for consideration prior to potentially setting a matter for oral argument; put another way, the Court will not require the Defendants to appear in Court without adequate notice of the arguments and authorities Plaintiff Ferrari intends to deploy in response to the Defendants' Motion to Dismiss. Moreover, the Court considered Plaintiff Ferrari's Motion to Amend/Correct Complaint filed after the Court's response deadline. (*See* Docs. 149, 150, 151). Even after the Court granted Plaintiff Ferrari multiple extensions of time to respond to the Defendants' Motion to Dismiss (*see* Docs. 138, 143, 145), he failed to respond to any of the Defendants' legal arguments and instead requested to amend his complaint for the *seventh* time. (*See* Docs. 149, 150).

As the Court has previously noted, "[a] litigant who appears pro se should not be treated more harshly for negligent errors than one represented by an attorney. Otherwise, only those wealthy enough to be able to afford an attorney would be able to insulate themselves from the consequences of an occasional human error . . . ." *Sanders v. Melvin*, 25 F.4th 475 (7th Cir. 2022) (quoting *Schilling v. Walworth Cnty. Park & Plan. Comm'n*, 805 F.2d 272, 277 n.8 (7th Cir. 1986)); (*see also* Doc. 152, p. 16 (citing the same)). Plaintiff Ferrari has not been treated "more harshly" than a

plaintiff who is represented by an attorney and has been provided with ample opportunity to respond; whether he adequately responds (as ordered) is another matter entirely. Upon review, the Court is satisfied that Plaintiff Ferrari has been provided with *more* opportunities to amend his pleadings and to litigate this case than would be afforded a plaintiff represented by an attorney. *See Williams v. United States*, No. 22-3121, 2023 WL 5201740, at *2 (7th Cir. Aug. 14, 2023) (citing *Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022)) ("[P]laintiffs are ordinarily entitled to at least one chance to amend their complaints after a dismissal, unless amendment would be futile.").

To address Plaintiff Ferrari's assertion that these cases should not have been removed to federal court, the Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The Supreme Court has long instructed that "federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this court cannot hear this action if it lacks subject matter jurisdiction, established through diversity citizenship of the parties under 28 U.S.C. § 1332 or pursuant to a federal question under 28 U.S.C. § 1331. Plaintiffs have the burden to prove that subject matter jurisdiction exists. *Lee v. City of*

*Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

> Notably, 28 U.S.C § 1446(b)(1) provides that:
>
> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Additionally:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3). Thus, the key timeframe is 30 days from service of the plaintiff's complaint or 30 days from when the defendant(s) determine that the case has now become removable. *See id.* § 1446(b). Therefore, Plaintiff Ferrari's arguments about the Defendants exceeding the required timeframe for removal are meritless, as he focuses on the date of *filing*, not the date of *service* or the date at which the defendant(s) determine that the action is removable, which are addressed in each notice of removal filed in the relevant cases. *See* Case No. 22-cv-2303-SPM (Doc. 1) (complaint filed January 27, 2021, service received September 15 and 19, 2022, removed October 5, 2022); Case No. 22-cv-2404-SPM (Doc. 1) (complaint filed January 27, 2021, service received September 15 and 19, 2022, removed October 14, 2022); Case No. 22-cv-2918-SPM (Doc. 1) (complaint filed October 28, 2022, service received November 15 and 18, 2022, removed December 13, 2022). While Plaintiff Ferrari also

insists that "the Plaintiffs did not file these cases with the Federal court. **THE DEFENDANTS DID THE FILING** after having their Motions to Dismiss Denied in the Madison County Third Circuit Court," (Doc. 152, p. 28), the instant case (Case No. 22-cv-00217-SPM) *was* indeed filed in this District on February 4, 2022. (*See* Doc. 1).

Regarding the consolidation of these cases, "[a] court may order consolidation sua sponte and, if need be, over the objections of parties." *Disher v. Citigroup Glob. Markets, Inc.*, 487 F. Supp. 2d 1009, 1013–14 (S.D. Ill. 2007) (collecting cases). The cases that were consolidated in this action all "clearly present common questions of fact and law" and consolidation was preferable to "prevent further needless cluttering of the Court's docket." *Id.* at 1014; *see also id.* (citing *In re Mutual Fund Market–Timing Litig.*, 468 F.3d 439, 444 (7th Cir. 2006) (noting that "a single case was broken into two" through procedural maneuvering in the district court, and that "[t]he district court should not have allowed that to happen")).

The Court requires that all parties abide by the orders (including deadlines) issued by the Court. Litigating in federal court also requires the parties (including those proceeding *pro se*) to understand and make their best efforts to abide by governing case law and the Federal Rules of Civil Procedure. Federal district court is a finely tuned legal machine that requires precise input from the individual litigants, whether *pro se* or not. Plaintiff Ferrari has had multiple opportunities to meet the requirements and, even affording him grace as a *pro se* litigant, he has failed to adequately litigate his case. Plaintiff Ferrari admits his naivete regarding the

difficulty of litigation (Doc. 152, p. 4); such a lack of experience is not an excuse to refuse to follow the procedures that govern litigation in federal court.

Based on his filings, Plaintiff Ferrari wants to skip to the end in this case and go straight to trial. (*See* Docs. 152, 153, 154, 155, 156). It generally takes a minimum of 12–18 months after motions under Federal Rule of Civil Procedure 12 are assessed to get a civil case to trial; the Federal Rules of Civil Procedure, this District's Local Rules, and the Court's Case Management Procedures govern this entire process. While Plaintiff Ferrari wishes for the Court to adjudicate issues of fact at this stage, the finder of fact would adjudicate those issues once key procedural steps have been taken in accordance with the Federal Rules; the fact of the matter is that he failed to address any of the legal arguments made in the operative Motion to Dismiss. His five filed Motions for Reconsideration also display open hostility to the Court and to the judicial process. *See Morris v. Worley*, No. 16-4127, 2021 WL 9734924 (C.D. Ill. June 14, 2021) ("Furthermore, a plaintiff's pro se status does not excuse continued failure to abide by court orders, nor a clear record of contumacious or stubbornly disobedient conduct.") (citing *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) ("Although civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.") (internal citations omitted); *Stewart v. Credit Control, LLC*, 845 Fed. Appx. 465, 467 (7th Cir. 2021) ("dismissing the case was reasonable" given *pro se* plaintiff's "inexcusable, willful, and steadfast disobedience" to court orders); *White v. Williams*, 423 Fed. Appx. 645, 646 (7th Cir. 2011) (dismissal of Rushville plaintiff's

lawsuit "appropriate when a party has shown a lack of respect for the court or proceedings."); *Jacobs v. Frank*, 349 Fed. Appx. 106, 107 (7th Cir. 2009) (*pro se* Plaintiff's repeated refusal to comply with court's explicit direction warrants dismissal); *Martin v. Heisner*, 2021 WL 2021141, at *3 (N.D. Ill. Aug. 23, 2021) ("Plaintiff's continued misconduct and false personal attacks are unacceptable and, by themselves, support dismissal, especially since he has been placed on notice that he must—like all litigants—conduct himself appropriately under the law.")); *see also Bacon v. Am. Fed'n of State, Cnty., & Mun. Emps. Council*, No. 13, 795 F.2d 33, 35 (7th Cir. 1986) ("Nevertheless, when a layman persists in a hopeless cause long after it should have been clear to him, as a reasonable (though not law-trained) person, that his cause was indeed hopeless, sanctions should be imposed . . . ." (citations omitted); *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("The court noted that pro se litigants, especially prisoners, should be given special solicitude by the court, but that the 'special solicitude for the difficulties that a pro se plaintiff must face does not extend to the wilful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.'" (quoting *McDonald v. Head Crim. Ct. Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), *aff'd*, 850 F.2d 121 (2d Cir. 1988)).

  The Court's Order dismissing his case (Doc. 146) stands. Plaintiff Ferrari is free to appeal the Court's decision to the Seventh Circuit Court of Appeals or, potentially, to refile his case in state court should he wish to do so. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) ("We think, then, that the effect of the 'adjudication upon the merits' default provision of Rule 41(b)—and,

presumably, of the explicit order in the present case that used the language of that default provision—is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the United States District Court for the Central District of California. That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts.").

## CONCLUSION

For the reasons set forth above, all of *pro se* Plaintiff Patrick M. Ferrari's Motions for Reconsideration (Docs. 152, 153, 154, 155, 156) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 20, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**